WEST INDIA & P. S. S. CO., Limited. v. WEIBEL.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1902.)

No. 1,070.

SHIPPING—INJURY OF WORKMAN—LIABILITY OF SHIP.

The owners of a ship are liable for an injury to a carpenter, employed by a firm which had been hired to make repairs or changes in the interior of the ship to fit it for cargo, and who was sent on board to work during the night, and fell through a hatchway in a dark and unusual place, which had been negligently left open, without notification or warning to those who were doing the work.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This case was commenced in the circuit court on a petition, among other things, showing as follows: "Petitioner shows that he is a carpenter by trade, and was, at the date first mentioned below, employed as such by the firm of William J. Hannon & Co., a commercial firm doing business in the city of New Orleans, to do certain work on the steamship Nicaraguan, be-

longing to the West India & Pacific Steamship Company, Limited, a corporation organized under the laws of a foreign country, and having its domicile and residence in said foreign country (which said country your petitioner is informed, and so believes and charges, is the kingdom of Great Britain). Petitioner further shows that on or about the 1st day of May, 1900, between the hours of 12 o'clock midnight and 4 o'clock a. m., he was directed by the said William J. Hannon & Co., by their employés and foreman, under whose orders your petitioner was working, to go aboard said steamship, and, with others employed with him, to do certain carpenter work in the interior of said ship, which work was the work your petitioner was employed to do. Petitioner further shows that while he was at work in the interior of said ship it was the duty of said West India & Pacific Steamship Company, Limited, to provide sufficient light to enable him to do said work, and to have the hatches of said ship in that part where he was at work securely closed. Petitioner shows that said West India & Pacific Steamship Company, Limited, failed and neglected to do either of said things; that although there was a good electric plant aboard said ship, and that same had been running in the early part of the night, that same was shut down (although same was in good working order) before he was sent aboard said ship and put to work therein, and that the only light furnished him in the dark interior of said ship was a tallow candle. Petitioner further shows that the hatches on said ship were not closed, but were left open and uncovered, although same were not in use, especially what are known as the 'bread hatches,' which are situated in the side of the decks of the steamship Nicaraguan, which is a most unusual place for a hatch to be situated; all of which open hatches and absence of light your petitioner shows was due to the fault, laches, and negligence of the said West India & Pacific Steamship Company, Limited, its servants, officers, employés, and agents, whose duty it was to provide a safe place in which your petitioner could work, and sufficient light to enable him to move ab ut in the interior of said ship, as his said work might require. But your petitioner shows that the said West India & Pacific Steamship Company, Limited, its officers, servants, agents, and employés, required and compelled your petitioner to work in the interior of said ship without taking reasonable and necessary precautions for his safety by closing said hatches, and providing proper and sufficient lights, as it was their duty to do, although said steamship company, its officers, agents, employés, and servants, knew that your petitioner was working in said ship. Petitioner further shows that at the said time he was a minor, under the age of twenty-one years, and that he has only lately attained his majority. Petitioner further shows that about the hour of four o'clock a.m., while working in the interior of said ship, and in the absence of proper and sufficient light, your petitioner, without fault or negligence on his part, fell through one of said open 'bread hatches' in the side of the deck of said ship, into the hold of said ship, · a distance of about twenty-two feet, falling upon the iron bottom and sides of said ship. Petitioner shows that by said fall he was greatly injured, bruised, and damaged, his collar bone was broken, his right arm was broken, his person badly bruised, injured, and broken in sundry places, and he suffered concussion of the brain."

The answer of defendant shows, among other things, as follows: "That it denies all and singular the allegations therein contained, except such as may be hereinafter specially admitted. Further answering, this respondent admits that its steamship Nicaraguan was in the port of New Orleans on the 30th day of April, 1900; that this respondent had a contract with W. J. Hannon & Co. to fit said steamship Nicaraguan for grain; that under and by virtue of said contract said W. J. Hannon & Co. performed certain work in the hold of said steamship Nicaraguan; that the plaintiff herein was one of the employés of said W. J. Hannon & Co., and that he received certain injuries, of the extent of which respondent has no knowledge, while in the employ of W. J. Hannon & Co.; but this respondent avers that it is in no way or manner or in any amount liable to the plaintiff herein by reason thereof, there being no privity of contract existing between this respondent and plaintiff, and there being no obligation arising ex delicto or by reason of any act or negligence on its part in favor of plaintiff. Further answering,

this respondent avers that if plaintiff was injured, as alleged in his petition, it was due to no fault or negligence on its part, and, if due to the fault or negligence of any one other than the plaintiff himself, it was due to the fault and negligence of W. J. Hannon & Co., his employers, with whose conduct of the work of fitting said steamship Nicaraguan for grain this respondent in no wise controlled or interfered, and at whose disposal were all the necessary and proper facilities for lighting the said ship, and otherwise protecting all persons employed or coming on board from injury and damage; said steamship Nicaraguan being, at the date of said accident, fitted with a complete electric lighting plant, together with all usual and necessary appurtenances for fully protecting all persons employed or coming on board said steamship, and said steamship actually burning at the time of said accident all lights usual and necessary for lighting said steamship."

By a bill of exceptions it appears that: "A jury having been impaneled, and the pleadings having been read to the jury, Mr. Gilmore, on behalf of the defendant, objected to all testimony or evidence on behalf of the plaintiff in this case, on the ground that the only cause of action that the plaintiff has is against Wm. J. Hannon & Co., there being no privity of contract between the plaintiff and the defendant, and there being no obligation arising from the defendant to the plaintiff ex delicto. This objection being overruled, counsel for the defendant then and there duly excepted, and hereby tender this, their bill of exceptions, to the court to sign and seal, and the court does hereby sign and seal the same."

J. P. Baldwin, for plaintiff in error.

John C. Wickliffe, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The only error insisted upon in this court is in admitting evidence over objections in support of the facts alleged in the petition. The question, as presented, is the same as if, in the court below, the defendant had filed an exception of no cause of action. The petition shows that, having business aboard the defendant steamship, the petitioner was there injured by falling through a hatch, in a dark place, which hatch the owners had negligently left open, without giving sufficient notice thereof, and charges that the owners had neglected their duty to provide a safe place for petitioner to work in said ship, and had not taken reasonable and necessary precautions for safety. It is well settled that the owners of a ship are liable for injuries to persons not notified nor warned, and who are lawfully aboard the ship, when such injuries are caused by, or directly result through, negligence in the construction of the ship, the lack of safe appliances, or from the failure to take reasonable precautions for the safety of such persons, and we are clear that the petition in this case avers facts which show prima facie that the defendant was liable for the injuries suffered by the petitioner. The case is argued as though the petition showed the case of a ship fully turned over to a contracting stevedore for the purpose of loading or preparing, with notice of defects in dangerous places, in which case it has been held that the owners are not liable to the employés of the contractor for damages arising from the open condition of hatches or other defects. For the declaration of the rule, see The Auchenarden (D. C.) 100 Fed. 895. That, however, is not the case here, but rather such a case as this court found in Burrell v. Fleming (decided at the last term) 47 C. C. A. 598, 109 Fed. 489, where the owners were held liable for injuries to a stevedore's em-

ploye falling through an uncovered hatch, because sufficient notice of the ship's condition was not given. The ruling complained of was correct. The record shows a case in which interest should be allowed from the date of the verdict.

The judgment of the circuit court is amended so as to allow legal interest from rendition of the verdict, and as so amended is affirmed. All costs to be paid by the plaintiff in error.