### THE SANTIAGO.

(District Court, W. D. New York. March 30, 1904.)

1. SHIPPING—LONGSHOREMEN—INJURIES—SAFE PLACE TO WORK.

Where the watchman of a ship was charged with the duty of lighting the hold or furnishing lights to the stevedores to enable them to safely reach the hold in which they were working, and there is no evidence that the watchman, in the performance of such duty, was in the employ of an independent contractor, it will be presumed that the watchman continued in the employ of the ship, which was chargeable with his negligence in failing to light the hold for the benefit of a longshoreman employed by the head stevedore; such negligence being proximate cause of his injuries.

In Admiralty.

George H. Kennedy, for libelant.
Charles W. Strong, for respondent.

HAZEL, District Judge. The libelant seeks to recover damages for personal injuries received while employed as a stevedore upon the barge Santiago. The evidence establishes that the watchman of the ship was charged with the duty of lighting the hold, or at least with the duty of supplying candles or lights to the stevedores to enable them to safely reach the place in which they were to work. The respondent does not controvert this fact. His failure to furnish light is therefore negligence attributable to the ship, for which the libelant, a longshoreman in the employ of the head stevedore, is entitled to recover against the vessel. The Slingsby, 120 Fed. 748, 57 C. C. A. 52. The evidence upon the subject of the presence of the watchman is clear enough, and, in the absence of a showing that he was in the employ pro hac vice of an independent contractor, it may be presumed that the watchman continued in the employ of the ship. Accordingly no special contract existed between the vessel and the head stevedore governing the manner in which the cargo should be unloaded, or the liability and responsibility arising from failure to discharge a duty owing to the stevedores employed. In the circumstances of this case, it was the undoubted duty of the vessel to have the hatches lighted to protect the libelant, a longshoreman, in the place in which he was to work, or at least to supply him with candles or lights for his use in descending to the interior of the ship. The case is quite distinguishable from The Auchenarden (D. C.) 100 Fed. 895, and The Saratoga, 94 Fed. 221, 36 C. C. A. 208, cited by respondent. In the case first cited the contractor, to whom the ship was turned over for unloading, was fully informed as to the condition of a hatchway, and his duty to warn his individual stevedores of the danger of such hatchway. Under such circumstances, it was undoubtedly the duty of the master to protect his employés from any danger owing to a

defective hatchway. In The Saratoga, lanterns were provided by the ship, but the workmen did not avail themselves of their use. The burden of proof under the present facts is upon the ship to show that lights were furnished, so that the men could perform the work in the hold with safety to themselves, or to show that it had an independent contract with the head stevedore which relieved the vessel from such obligation. In the absence of such a contract, the libelant was performing a maritime service for the ship, and therefore the duty rested upon the owners of the vessel to provide a safe and suitable place for the libelant to work in. The Rheola (C. C.) 19 Fed. 926; The Anaces, 93 Fed. 240, 34 C. C. A. 558. The evidence shows that the employés and their foreman, Nagel, looked to the watchman of the ship to furnish the lights. It may be fairly implied from the evidence on this subject that the vessel owners did not transfer the duty which they owed to the libelant to provide him with a reasonably safe place to work by means of a contract or agreement with a third party. The record satisfactorily shows that the proximate cause of the accident to the libelant was the unlighted condition of the hold. Had lights, candles, or lanterns been supplied to the men before going below, or if, by usage or custom, the stevedores were obliged to supply themselves with candles or lights for their use in the hold of the vessel, a different question would be presented. No suggestion is found in the testimony, other than that the watchman of the vessel was the person relied on to furnish lights. The evidence does not satisfy me of libelant's concurring negligence. It follows that the injuries resulted entirely from the absence of a proper degree of care and diligence on the part of the libeled ship. Fortunately the injuries sustained, though painful, were not of a permanent character. Consideration of the evidence upon this point leads to the conclusion that $350 would fairly compensate libelant for the loss of time and medical expenses paid or incurred, as well as the pain which he was obliged to endure.

So ordered, with costs.