THE CHICAGO (two cases).

(District Court, W. D. New York. August 12, 1907.)

1. SHIPPING—INJURY OF STEVEDORE—LIABILITY OF VESSEL.

The owners of a vessel owe a personal duty to stevedores employed to load or unload the same to provide reasonable security against injury and also to warn them of any latent danger caused by the vessel for which the latter is responsible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 350.]

2. SAME—DEFECTIVE CONSTRUCTION OF VESSEL.

While libelants were working as stevedores in the hold of a vessel, the bottom of a skid suspended vertically in the hatchway was accidentally struck, and it fell, causing their injury. *Held*, that such facts were sufficient to cast the burden upon the vessel to prove that the skid was reasonably well secured at the top, and that a finding by the commissioner that it was not so secured because of the inferior quality of the iron used in the hinges by which it was suspended was sustained by the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 335.]

In Admiralty. Suits for personal injuries. Application for decree on report of commissioner.

Frederick G. Bagley and Thomas A. Sullivan, for libelants.
Pooley & Spratt, for respondent.

HAZEL, District Judge. The issues in the above-entitled cases were referred by me, pursuant to stipulation of the parties, to Hon. George Clinton, under admiralty rule 44, to hear, try, and determine, and render his decision, with an opinion, to this court. The report of the commissioner is that the primary cause of the injury to libelants was the use by the steam vessel Chicago of too brittle cast-iron hinges, which were attached to the hatch combings, and upon which were suspended skids weighing about one-half a ton. He further reported that such hinges were of such low resistance to strains and shocks that they were insufficient for the purpose for which they were used. It was proven that libelants, while at work as stevedores in the hold of the vessel, incidentally struck the skid, which was fastened at its lower end to the bulkhead by a chain; the result being that the hinges on top broke, and the skid, which was suspended vertically, fell down, causing it to injure the libelants, Larkin and Higgins.

The principal point argued by proctors for respondent is that the commissioner erred in applying to the facts the rule of ipsa loquitur, and the case of The Allison White (D. C.) 131 Fed. 991, was cited as an authority to show that said principle is inapplicable. In that case the court found the evidence so unsatisfactory that he felt disinclined to put the burden of explaining the accident upon the vessel. In the case at bar it appears that the hinges on the skid were unsound, and were broken simply because the libelants came in slight contact with the skid while they were at work. In the circumstances presented by the record, I think the burden was upon the vessel to explain the accident, and by countervailing proof overcome the case of the libelants. The law is well settled that owners of vessels owe a personal duty to the stevedores employed to load or unload vessels to provide reasonable security against injury, and also to warn them of any latent danger caused by the vessel for which the latter is responsible. The Rheola (C. C.) 19 Fed. 926; The Thomas (D. C.) 81 Fed. 578; The Sidney (C. C.) 27 Fed. 119; Frederick Leyland & Co. v. Holmes (C. C. A.) 153 Fed. 557.

I have carefully considered the opinion of the referee, and examined the record sufficiently to satisfy myself that no reason exists for reversing or qualifying his action. His conclusions upon the facts and

law are accepted by me, and therefore the exceptions filed are over-ruled, and a decree, with costs, in favor of each of the above-named libelants, may be entered.