## THE COROZAL.

(District Court, D. Massachusetts.  April 15, 1914.)

### No. 670.

SHIPPING ☞84—LIABILITY OF VESSEL—INJURY TO STEVEDORE'S MAN.

While a barge, loading ties on a steamer, lay alongside, the ends of projecting ties on the barge caught under some protruding hinges on the side of the vessel, and libelant, a stevedore's employé, working on the barge, was injured. He was not working under the officers of the ship, which had nothing to do with the loading, except that a mate, at the request of the stevedore, directed the placing of the barge, which was not dangerous in itself, if she was handled with proper care. The steamer was properly constructed. *Held*, that she was not chargeable with any negligence which rendered her liable for the injury.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 342, 349–351; Dec. Dig. ☞84.]

In Admiralty. Suit by Clinton Moffett against the steamship Corozal. Decree for respondent.

Russell, Moore & Russell, of Boston, Mass., for libelant.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for claimants.

MORTON, District Judge. The libelant was hired and controlled by Smith, the stevedore, and had no contractual relations with the Corozal or her owners. He was engaged at the time of the accident solely on the business of his employer.

Nothing belonging to the steamer broke, or was unusual or improper in construction. The accident did not occur on board her. The negligence which caused it consisted in placing the barge alongside the Corozal without taking any precautions to protect the men on the barge—of whom Moffett was one—against the danger of the projecting ends of the ties catching under the hinges on the steamer as the barge rose on the waves. These hinges were not in themselves defective or dangerous, and were perfectly obvious. The barge ought not to have been brought and kept close to them, under the existing conditions, until they had been properly guarded. The accident was thus caused by improper management of the barge.

The barge was in the general control of her captain and Smith. It was Smith's duty to see that it was safe for his men to work on it. The steamer apparently had nothing to do with the ties until they were put on board her by the stevedore. Her officers did not exercise any control over Smith's men on the barge, nor undertake to give orders as to the management of the barge, except at Smith's sugges-

---

tion, and in order to assist him. Smith says that the mate of the Corozal placed the barge at Smith's suggestion and according to his convenience. Both the steamer and the barge were concerned in having the latter properly placed alongside, so that neither should be injured. Mundy, the captain of the Corozal, and Smith, both testify, in substance, that the master of the barge was looking out for her, and that Mundy was looking out for his steamer. I think this is a substantially accurate description of the situation. The action of the mate of the Corozal in superintending the placing of the barge seems to have been unpaid, voluntary assistance to Smith, rather than anything which the steamer or her crew was obligated to do. The mate acted as a volunteer in forwarding the work in hand.

If the Corozal is liable, it must be solely because of this conduct of her mate, acquiesced in by her master, in undertaking to place the barge alongside for the stevedore, and at the stevedore's request. Of course, the steamer might have contracted to perform the work of bringing the barge into position alongside. If she had done so, and on that account had taken control of placing the barge, she would have been bound to do the work in a proper and careful manner, and any person who was injured by negligence in doing it could recover from the steamer; but that is not this case. The evidence, as a whole, fails to establish any agreement by the steamer to place the barge, or such assumption of control over it by the steamer as to make the latter responsible for the proper management of the barge and for the safety of those on board it.

It is also true that one who does an act which necessarily involves great and obvious peril to another cannot excuse himself by saying that he acted at the request of a third party. But laying the barge alongside created no danger to the men on it, unless the ends of the ties struck the projecting hinges. It was the business of those in charge of the barge to see that danger from this source was properly guarded against. It therefore does not seem to me that bringing the barge alongside the steamer was, in and of itself, so imminently dangerous to the men on the barge as to justify holding that the officers of the Corozal were negligent for having anything to do with it. Even if they were, that would not make the Corozal liable, unless it were found that she had undertaken to manage the barge in bringing and keeping it alongside.

The decisions cited for the libelant, of which Pioneer S. S. Co. v. McCann, 170 Fed. 873, 96 C. C. A. 49, and The Rheola (C. C.) 19 Fed. 926, are typical, relate to defects in the structure or appliances of the loading vessel, and are clearly distinguishable from this case. No decision holding the loading vessel responsible under facts similar to those here shown has been called to my attention. See The Clan Graham et al. (D. C.) 163 Fed. 961; The William F. Babcock (D. C.) 31 Fed. 418; The Thyra (D. C.) 114 Fed. 978; The Auchenarden (D. C.) 100 Fed. 895.

That the plaintiff's injury was due to negligence, and that he did not assume the risk of it, are clear; but, for the reasons stated, I conclude that neither the Corozal nor her owners are responsible.

Libel dismissed.