## THE METON.

## METON S. S. CO. et al. v. JENSEN.
### No. 6673.

Circuit Court of Appeals, Fifth Circuit.
Jan. 14, 1933.

J. Newton Rayzor and Lee M. Sharrar, both of Houston, Tex., for appellants.

Brantly Harris and David Watkins, both of Galveston, Tex., for appellee.

Before BRYAN, FOSTER and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal in admiralty from a judgment awarding libelant $4,000 damages for personal injuries incurred while engaged in making repairs to the steamship Meton. There is no dispute as to the following material facts:

The vessel was in the wet dock of the Galveston Dry Dock Construction Company, for the purpose of having minor repairs made to her by said company. The ship was equipped with a battery of three boilers connected together by a manifold and pipes. Any of these boilers could be blocked off from the others. A part of the repairs contemplated was the regrinding and reseating of the valves of the boilers. Before the accident, the port boiler had been shut off from the center and starboard boilers and was in charge of the vessel's crew. Steam was maintained on this boiler for the purpose of running auxiliary machinery and to work the pumps for the use of the ship and not in any way in connection with the repairs. At the time he was injured Jensen was working on the center boiler. Live steam from the port boiler entered the center boiler and escaped from its upper blow valve, which had been dismantled in the course of the repairs, severely scalding Jensen.

There is conflicting testimony as to whether steam escaped from the port boiler because the connecting valve was leaking or some unidentified person had negligently opened it. The District Court found that

**826**

some person, whose identity was not shown by the evidence, suddenly opened the blow valve leading from the port boiler to the other pipe line, permitting hot water and steam to go into the center boiler and thence out through the opening upon the libelant.

Appellant relies upon this finding by the District Court and seeks to bring the case within our ruling in Luckenbach S. S. Co. v. Buzynski (C. C. A.) 19 F.(2d) 871. That case is not in point. There the suit was against the vessel, her agents, and the independent contracting stevedores. The injured person was a stevedore and the primary cause of the accident was the unexpected starting up of a steam winch, which caused the blocks of the derrick to jam at the end of the boom, which in turn caused a chain sling to fall and injure the workman. The winch had been turned over to the stevedores in good condition, had been in use at least a day and a night by them, was in good condition when the accident happened and thereafter. It was perfectly safe when properly operated. We held that there was no breach of duty on the part of the ship and that negligence on the part of the other defendants was not shown.

 In this case a different situation is presented. There is no doubt that the proximate cause of the accident was the escape of live steam from the port boiler, which had not been turned over to the workmen, was in charge of the ship's officers and crew, and was being operated for purposes of the ship, not connected with the repairs that were being done. Of course, the officers and crew of the vessel, particularly the engineers and engine crew, were charged with notice that the other boilers were being dismantled; that men were working on them; and that, if steam was allowed to escape from the port boiler into the others, it would be dangerous to those so engaged. It was their duty to prevent any injury to libelant caused by the appliances of the ship in their charge and to keep the place where men were working reasonably safe from danger caused by the use of other parts of the ship by her officers and crew. It is immaterial whether the connecting valve was leaking or was negligently opened, by a member of the crew or a third person. Reasonable care and supervision could have prevented the happening of either event. A clear breach of duty was shown and appellee was entitled to recover. West India & P. S. S. Co. v. Weibel (C. C. A.) 113 F. 169; The Omsk (C. C. A.) 266 F. 200; The Spokane (C. C. A.) 294 F. 242.

Affirmed.