## THE MERCIER.

### No. 11321.

District Court, D. Oregon.

Dec. 4, 1933.

Lord & Moulton, of Portland, Or., for libelants.

Erskine Wood, of Portland, Or., for claimant.

JAMES ALGER FEE, District Judge.

Libelant's intestate was an employee of Brady-Hamilton, Stevedores, an independent company which was under contract to load the steamship Mercier at an Oregon port on the Columbia river. At about 8 o'clock in the morning the master stevedore took over the appliances, and, after lifting out the strongbacks of the hatches, proceeded to place lumber upon the vessel. The gear at the particular hatch, including the hook and shackle in question, had been in operation about two hours and a half, and had lifted approximately 40,000 feet of timber before the accident. Just prior to this occurrence a load of lumber had been placed on deck by the winches, and, while the stevedores were busy storing this parcel on deck, a winch driver brought up another of no unusual proportions, and swung it over the block awaiting action by

the gang. Decedent had just stepped under the last load when it fell, crushing him to death. The shackle which held the hook had parted, owing to a defective weld.

■ The ship is not an insurer of its appliances nor of the invitees who may operate the gear. It is bound, however, to furnish suitable tackle and machinery, reasonably safe and strong for the work at hand. Bryant v. Vestland, 52 F.(2d) 1078, 1079 (C. C. A. 5). A secret defect in such gear, even though effecting casualty, will not fasten responsibility upon the vessel or her owners.

■ If by due care, however, its officers or crew knew, or might have known, that any weakness existed, it is held to strict liability. In such matters, the officers and crew are bound to use ordinary care. But this standard implies the exercise of vigilance proportioned to the dangers reasonably to be anticipated in the light of common experience and prudence. Since any break in the overhead tackle is fraught with possibility of serious casualty, the highest degree of care in this respect is required. The Rheola (C. C.) 19 F. 926. The existence of this duty does not, after an accident, however, relieve the libelant of the necessity of proving the breach thereof and the proximate connection of such breach with the happening. The Aden Maru, 51 F.(2d) 599 (D. C.).

■ Libelant contends this mere occurrence of the accident made a prima facie case, and relieved her of the burden of going forward with the evidence. The fact that an accident happens is not proof of negligence. Luckenbach S. S. Co. v. Buzynski, 19 F.(2d) 871 (C. C. A. 5). Moreover, where good sense, based upon the crystallized experience of man, cannot fix responsibility upon the person against whom negligence is to be inferred by reason of circumstances which irrefutably point the finger of liability, the presumption will not arise. Petition of McAllister (D. C.) 53 F.(2d) 495. Here it is patent either the ship, the master stevedore, or the decedent himself might have proximately caused the accident. With such diverse inferences urging respective claims, it cannot be said only one theory is possible and that the ship must make an explanation or be held liable. Unquestionably, the fact that the shackle broke under considerable less weight than it was capable of carrying is proof positive that it was defective. The Portland (D. C.) 213 F. 699. But an insuperable obstacle to the application of the doctrine of res ipsa loquitur here is found in the fact that the gear at the time of accident was in charge, not of the ship nor its officers, but of the stevedoring company. That substantive rule, adopted to fix responsibility where no explanation of the occurrence is discovered, has a congenital limitation, in that the party sought to be charged must be in exclusive control of the instrumentality which causes the damage, before it is applicable. L. & N. R. Co. v. Chatters, 279 U. S. 320, 332, 49 S. Ct. 329, 73 L. Ed. 711. The doctrine thus inherently circumscribed has been applied in admiralty by relieving the vessel of this burden where an independent stevedore was operating the appliance, Luckenbach S. S. Co. v. Buzynski, 31 F.(2d) 1015, 1016 (C. C. A. 5); or where the act of the injured person might have been a factor, Petition of McAllister, supra; and by holding it to strict accountability where its own officers or crew were in exclusive control of the particular appliances or machinery, The Meton, 62 F.(2d) 825 (C. C. A. 5); Fauntleroy v. Argonaut S. S. Line, 27 F.(2d) 50 (C. C. A. 4).

It has been held, therefore, by the Circuit Court of Appeals for the Ninth Circuit, that the mere breaking of tackle furnished by the ship under such circumstances does not raise a presumption of liability, but that libelant must go further and show that the fracture was the result of a defect of which the officers or crew knew or might, with reasonable care, have known. Jensen v. Bank Line, 26 F.(2d) 173 (C. C. A. 9).

There is no evidence whatever that any one knew of the defect here, and the case is thus not governed by the doctrine of many admiralty decisions, where the weakness of the instrumentality was recognized prior to casualty resulting therefrom. See The Robin Gray, 39 F.(2d) 436 (C. C. A. 9).

■ The expression "might with reasonable care have known" implies the duty of inspection upon the part of the ship, which is a well-recognized requirement. The Rheola, supra. Without doubt this burden is lifted, on the other hand, when control of the appliances passes to the stevedore. Bryant v. Vestland, supra. Control carries with it responsibility. While, therefore, a break in gear in proper use and under no unusual strain, immediately after the independent company has assumed charge thereof, is circumstantial evidence of negligent inspection, The Rheola, supra; The Portland, supra; The Montrose, 186 F. 156 (C. C. A. 2), the weight grows less in geometric progression with the lapse of time. See The Benbrack,

33 F. 687 (D. C.); Bryant v. Vestland, supra.

 A careful examination of the shackle, which was introduced as an exhibit, coupled with positive evidence that numerous inspections before the accident failed to disclose a flaw, outweighs opinions that the weakness might have been found prior thereto, especially when such opinions are balanced by equally credible expert testimony to the contrary, which the court believes. Jensen v. Bank Line, supra. The defect in the instant case was a secret one. See Johnson v. Turnbull, 124 F. 476 (D. C.); The Northtown, 124 F. 740 (D. C.); The Benbrack, supra.

Even if a prima facie case were made out of responsibility upon the part of the ship, either by direct proof or by application of the doctrine res ipsa loquitur, Sweeney v. Erving, 228 U. S. 233, 240, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, such evidence is overbalanced by the positive showing of due care. The gear of the Mercier was inspected at Antwerp before sailing and again while crossing the Atlantic. This very shackle raised five tons in Grays Harbor, where it was in use steadily for a few days prior to the accident, Johnson v. Turnbull, supra, and was, with the rest of the tackle, again inspected on the voyage to the Columbia river. It had been in possession of the stevedore who had placed upon it the heavy strain of raising the strongbacks, and who had lifted the customary loads for two hours and a half before the accident. In the absence of circumstances calling attention to the likelihood of a break, moreover, "the application of strain by a testing machine, or the use of acids and a microscope" was not required, The Drummond, 114 F. 976, 977 (D. C.), and, in view of the practical applications of the gear in the few days before the accident, no further light could have been thrown upon the strength of the shackle thereby. The ship has thus affirmatively proved freedom from fault.

It would seem, although the case has been determined upon other grounds, that the act of the deceased himself in walking under the hanging load without looking at the hook might well have been the direct cause of his death, and for this the vessel would not be responsible.

Certainly the fault lay between the deceased and the stevedoring company. As to the latter, not only might the doctrine res ipsa loquitur have been invoked, see McNamara v. Boston & Maine R. R., 202 Mass. 491, 499, 89 N. E. 131, but, since the foreman of the stevedores made inspection himself before using the shackle, he should have discovered an observable defect. The Benbrack, supra. Under these circumstances, this is a case for the application of the Longshoremen and Harbor Workers' Compensation Act (33 USCA § 1 et seq.), which was beneficently provided to permit the compensation of the injured and dependent as the result of casualties in a hazardous employment and without allocation of fault.

Libel dismissed.