## THE WEARPOOL.

**POOL SHIPPING CO., Limited, Inc., et al. v. DE GROAT.**

No. 9253.

Circuit Court of Appeals, Fifth Circuit.

May 17, 1940.

H. C. Hughes, of Galveston, Tex., for appellants.

Brantly Harris, of Galveston, Tex., and J. Newton Rayzor and Lewis Fisher, both of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit in admiralty filed in rem against the steamship Wearpool and in personam against her owner Pool Shipping Co., Ltd., by Judd De Groat, a longshoreman, to recover damages for his own personal injuries. The libel alleged negligence of the vessel in not furnishing him with a safe place to work. Respondent denied negligence and pleaded contributory negligence on the part of libellant, barring recovery. There was a decree in favor of libellant in the sum of $30,000. It was stipulated that if appellant is entitled to recover at all the amount of judgment is not excessive.

The District Judge saw and heard the witnesses in open court and found the material facts as follows. Libellant was a longshoreman in the employ of a stevedoring company, engaged in loading the steamship Wearpool with grain, at the port of Houston. In the course of his employment, shovelling grain in the 'tween decks, he started to go from one side of the ship to the other, for the purpose of continuing his work. On his way he fell into a large ballast tank, just back of hatch No. 3, where he was working, and was severely injured. This tank was sometimes used for water, sometimes for oil and sometimes for cargo. Intending to use

it for cargo, some ten days prior to the accident the officers and crew of the vessel had removed the covering of the tank in order that it might be aired. The stevedores were instructed to not in anyway interfere with the tank until further orders from the steamship company and it had not been turned over to the stevedores at the time of the accident. The 'tween decks was not properly lighted and there was no other reasonably safe way libellant could have crossed over to continue his work. The officers of the ship did not place any safeguards around the tank and did not warn the longshoremen that it was there and open.

It is elementary that it is the duty of a vessel to provide a reasonably safe place for longshoremen to work and reasonably safe means of access to the part of the ship in which they are to perform their duties. The evidence in the record supports the findings of facts by the District Judge and we concur in his conclusion as to the liability of the vessel. The Meton, 5 Cir., 62 F.2d 825 and authorities cited therein.

The judgment is affirmed.