JEFFRIES et al. v. DE HART.

(Circuit Court of Appeals, Third Circuit.   June 1, 1900.)

No. 6.

**1. ADMIRALTY—ACTION FOR TORT—PRINCIPLES GOVERNING.**

A suit in admiralty against a shipowner to recover for the death of a stevedore, resulting from an injury received on board the ship, is governed by the same principles that would be applicable had the accident occurred on land, and recovery been sought in a common-law action; and the de-fendant's liability must rest on some act of negligence, or the violation of some duty he owed to the deceased, which proximately caused the injury.

**2. NEGLIGENCE—OMISSION OF DUTY—INJURY OF STEVEDORE.**

A ship contracted with a company, as master stevedores, for the loading of the vessel; agreeing to furnish "all necessary steam, slings, and rope for falls."   The tackle used was selected by the stevedores themselves, with the consent of the officers of the ship, from a large quantity on board owned by the ship, and suitable for the purpose.   *Held*, that the shipowner owed no duty to a stevedore employed by the contractor, to supervise or control such selection, and that he was not liable for the death of the stevedore, caused by the giving way of such tackle.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

J. Warren Coulston and John G. Johnson, for appellants.

J. Parker Kirlin, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BRAD-FORD, District Judge.

DALLAS, Circuit Judge.   This was a suit in admiralty, in which a libel in personam was filed against M. J. De Hart, owner of the steamship Henrietta H., by the widow and children of Thomas Jeffries, to recover damages for his death, which resulted from an acci-dent that occurred on that vessel while he was at work as a stevedore. The fact that the accident happened on board a ship is, however, of no significance.   The same principles apply as would have been ap-plicable if it had happened upon the land  and recovery had been sought in a common-law action.   The necessary condition of the de-fendant's liability is that he owed to Jeffries a duty of care, in viola-tion whereof he negligently committed or omitted some act, and thereby proximately caused the fatal catastrophe.   Bragdon v. Perk-ins-Campbell Co., 30 C. C. A. 568, 87 Fed. 109.   Jeffries was not employed by De Hart nor by any one representing him, but by the G. P. Cronise Company, the master stevedores, who were loading the ship under an agreement in writing which contained this provision: "The ship to furnish all necessary steam, slings, and rope for falls. All other gear to be furnished by the G. P. Cronise Company."   It

may be assumed that this provision imposed upon the owner of the ship the duty to exercise reasonable care to assure the safety of any appliances which in pursuance thereof he might actually specify or point out for use in doing the work; but the evidence has convinced us, as it did the court below, that the gear which broke and permitted the chute to fall upon or against Jeffries was not selected by De Hart, or by any person acting on his behalf, but by the stevedores themselves, who in choosing this particular tackle relied upon their own judgment as to its fitness, and who, in using it as they did, were not pursuing the contract with the owner, but were acting independently of it, and therefore upon their own responsibility. All that the mate of the vessel, or any other agent of De Hart, really did, was to passively permit the workmen of the Cronise Company to employ such part of the vessel's tackle as they saw proper, instead of furnishing the gear which, under the agreement, the ship might have been required to furnish; but of this departure from the terms of the contract Jeffries could not have complained, for he was neither a party nor privy to it. Consequently, whatever duty of care was owing to him was, under the circumstances, due by his employer, the Cronise Company, and not by the ship or its owner. If the appliances were negligently selected, those who made the selection were at fault, and not the defendant in error, who neither by himself nor by any agent of his or of the ship participated in that selection, or was under any obligation to Jeffries to direct or control it. We do not think that any part of the answer can properly be said to be inconsistent with our understanding of the facts. It admits that the chute was supported by certain tackle, ropes, and gear, which belonged to, and were part of the outfit of, the steamship, but avers "that they were selected and chosen for the purpose by the stevedores loading the vessel, out of a large amount of other suitable tackle, ropes, and gear; which were on board, and available for use by said stevedores in loading." This averment is, in our opinion, precisely accordant with the proof; and the subsequent allegation which has been pressed upon our attention does not, when fairly considered, appear to present the matter differently. The general statement is, again, that "the stevedores who undertook the loading assumed full charge and control of the loading of said vessel, and all her gear, rope, and tackle"; and we do not perceive that this is in any way materially modified by the immediately following statement that the stevedores "signified to the officers of the ship what tackle, rope, and gear they required, and were furnished with the rope, tackle, and gear which they requested." The reasonable and natural meaning of this language as a whole, and as related to the context, is simply that the stevedores selected the gear they required, and that their request that they might be permitted to use it was acceded to; and this, we think, is the very truth of the matter.

Our conclusions of fact are founded solely upon the record before us, and therefore the motion which was made upon the argument, to strike out certain matter contained in an appendix to the appellee's brief, need not be considered. The decree of the district court (96 Fed. 494) is affirmed.