**DOLL v. SCOTT PAPER CO. et al.**

No. 6083.

Circuit Court of Appeals, Third Circuit.

Aug. 5, 1937.

Howard M. Long, Wm. T. Connor, and John R. K. Scott, all of Philadelphia, Pa., for appellant.

Harry R. Axelroth, of Philadelphia, Pa., for appellee Scott Paper Co.

Allen Gray Clark, of Philadelphia, Pa., for appellee Quaker City Contracting Co.

Herman & Harris and Langdon W. Harris, Jr., all of Philadelphia, Pa., for appellee Philadelphia Tidewater Terminal Co.

Before BUFFINGTON and DAVIS, Circuit Judges, and FORMAN, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a final decree of the District Court sitting in admiralty which dismissed the libel filed by Mincey Doll against the Scott Paper Company, hereinafter called the Paper Company.

Doll is seeking to recover damages for injuries sustained by him while he was engaged in loading a lighter owned by the Paper Company. The Tidewater Terminal Company, hereinafter called the Terminal Company, and the Quaker City Contracting Company, hereinafter called the Contracting Company, were joined as parties defendant.

The question presented is whether or not the defendants (or any one of them) are liable to Doll in tort because of any negligence on their part that caused his injuries. The Contracting Company has admitted that it is liable to pay compensation to Doll under either the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, or the Pennsylvania Workmen's Compensation Act, 77 P.S.Pa. § 1 et seq. All of the defendants, however, have denied liability in tort.

The Paper Company entered into a contract with the Terminal Company under the terms of which the latter agreed to furnish the Paper Company with the services of stevedores to load its ships. The Terminal Company arranged with the Contracting Company that the actual work of loading would be done by it (the Contracting Company) and its employees. Doll was a stevedore in the employ of the Contracting Company.

On April 25, 1934, Doll, along with other employees of the Contracting Company, was engaged in loading a lighter owned by the Paper Company with bales of wood pulp weighing between 300 and 400 pounds. The Contracting Company was in full charge of the loading and, as had been its custom, it furnished all of the appliances used in the work. In the morning of that day it moved the bales from the wharf to the lighter by means of a roller conveyor. In the afternoon, however, it used steel plates about three to four feet wide and five to six feet long as gangplanks, one end of which rested on the pier and the other on the boat. Over these the stevedores carried the bales upon the boat in trucks or hand drays. The plates were not fastened in any way.

Doll was crossing one of these gangplanks in the course of his work when the end resting on the dock slipped off and caused him to fall down between the lighter and the pier. As a result, he sustained injuries for which he is now seeking to recover.

The District Court, in its opinion, said: "As libellant is represented by very capable and experienced counsel we can safely accept his analysis of the case. He has dropped the Terminal Company from the case. He concedes that the Quaker City Company is not liable in this form of action. This compels him to limit his claim to one against the Scott Company alone."

Apparently relying on the above statement that they were not to be held liable in this form of action by Doll, neither the Terminal Company nor the Contracting Company filed briefs with this court on appeal. Wishing, however, to have more in-

formation on the possible liability of these companies, we ordered a reargument, at which all parties appeared and presented briefs. The facts brought out on reargument have convinced us that the District Court was correct in finding that neither the Terminal Company nor the Contracting Company could be held liable in this form of action.

■ The Terminal Company is not liable for it was not engaged in any way with the actual loading of the lighter and was not guilty of any act of negligence upon which liability could be based, nor did Doll charge it with liability.

■ The Contracting Company is also exempt from liability in tort, for the reason that the Longshoremen's and Harbor Workers' Compensation Act specifically provides that the liability of an employer under this act "shall be exclusive and in place of all other liability of such employer to the employee, * * * except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, * * * may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages." 33 U.S.C.A. § 905; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. The Contracting Company, employer, did not fail "to secure payment of compensation," but has always been ready, able, and willing to pay, and therefore is liable under the above act, but its liability under that act is exclusive of any other liability. The liability of an employer under the Pennsylvania Workmen's Compensation Act is also exclusive. Jackson v. Gleason, 320 Pa. 545, 182 A. 498.

The plaintiff is therefore limited to his claim against the Paper Company.

■ Since this case is in admiralty, this appeal is in effect a trial de novo, and this court must make an independent examination and judgment on all of the questions involved. Pentz v. The Ariadne, 13 Wall. (80 U.S.) 475, 20 L.Ed. 542; Brooklyn Eastern District Terminal v. United States, 287 U.S. 170, 53 S.Ct. 103, 77 L.Ed. 240. However, it is a well-established rule "that the decision of the trial court in admiralty cases upon controverted questions of fact will not be disturbed by the appellate court unless clearly against the weight of the evidence." The Andrea F. Luckenbach, 78 F.(2d) 827, 828 (C.C.A.9). The weight to be given the decision of the District Court is comparable with the weight to be given a prima facie rebuttable presumption. The Ernest H. Meyer, 84 F.(2d) 496 (C.C.A.9).

Doll says that the Paper Company was negligent in that the steel plates used as gangplanks were too short for this use and that the lighter was not kept properly moored to the dock. He relied upon those cases which hold that the owner of a vessel who employs stevedores to load her owes him the duty of providing a safe place to work on the ship and a safe means of passage thereto and therefrom. The Rheola (C.C.) 19 F. 926; The No. 34, 25 F.(2d) 602 (C.C.A.2); Panama Mail Steamship Co. v. Davis, 79 F.(2d) 430 (C.C.A.3).

■ Assuming that the steel plates were too short, was the Paper Company under a duty to supply some other means of passage to and from the ship? In those cases in which defective appliances used in loading caused injuries for which the owner was held liable, he, and not a third party, furnished the appliances. The Rheola, supra; The No. 34, supra. In the present case, however, the Contracting Company, as had been its custom, supplied all of the loading appliances used, and was in complete charge of the loading operations. Under these circumstances, the Paper Company was not under a duty to supply some other means of passage to and from the ship. McDonough v. International Nav. Co. (D.C.) 249 F. 248; Cornec v. Baltimore & Ohio Ry. Co., 48 F.(2d) 497 (C.C.A.4).

■ Doll's second allegation, that the lighter was not kept properly moored to the dock, was discussed by the District Court as follows:

"Counsel accordingly take refuge in their next position. This is that the lighter was bound to provide a proper mooring. There was at the end of the pier a rise and fall of the tide. At low water a greater length of mooring line was required. As the tide rose the line would become slack permitting the lighter to move further from the pier. It is urged that it was the duty of the lighter to take in this slack so as to hold the lighter close to the wharf. The weakness of this theory is that there is no evidence from which it could be found that the slackness of the mooring lines had anything to do with what happened. The only inference which can be drawn is that what caused the displacement of the plate

was the movement of the lighter due to the swell from a passing Wilson Line Steamboat. This would mean that the responsible cause of the mishap was that the gangplank provided was too short to serve its purpose. For this the lighter was not answerable."

The evidence before the District Court supported this conclusion. It showed that the Department of Wharves, Docks and Ferries had received innumerable complaints about the effect upon moored boats of swells from passing steamers such as those of the Wilson Line.

In order to establish liability of the Paper Company, Doll was required to prove that it was negligent in performing some duty which it owed him and that this negligence was the proximate cause of his injuries. Jeffries v. De Hart, 102 F. 765 (C.C.A.3). This he failed to do.

The decree of the District Court must, therefore, be affirmed.