Samuel Spivack, of Brooklyn, N. Y., for Libellant.

J. Vincent Keogh, U. S. Atty., of New York City (Martin J. Norris, of New York City, of counsel), for the United States.

John P. Smith, of New York City (Albert S. Commette, of New York City, of counsel), for Tickle Engineering Corporation.

---

**FRUSTERI v. UNITED STATES et al.**

**No. 17575.**

District Court, E. D. New York.

Dec. 5, 1947.

INCH, District Judge.

Libellant is a stevedore, employed by the Arthur Tickle Engineering Works, Inc. He was injured on February 15, 1945, being hit on the head by a "chunk" of ice which fell from a nearby mast of a public vessel, U. S. A. T. Columbie, owned by the United States of America, on the deck of which vessel libellant was then working at a winch. Libellant has sued the Government pursuant to the provisions of the Public Vessels Act, 46 U.S.C.A. § 781 et seq., and the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., to recover damages for his injuries, alleging that he sustained them as a result of negligence. The United States of America duly impleaded the Arthur Tickle Engineering Works, Inc., alleging that if there was any negligence causing this injury to libellant it was solely the negligence of this construction company.

This employer of libellant had duly obtained insurance against such accidents in accordance with the Longshoremen and Harbor Workers Compensation Act, 33

U.S.C.A. § 901 et seq. Such policy was in full force and effect at the time of the accident. A claim for compensation had been presented by libellant and certain payments made and benefits paid up to the time when libellant filed an election to sue the Government. Apparently the Tickle Company has duly complied with the Act and the policy is still in effect.

Counsel for libellant argues that both the Government and the Tickle Company are jointly negligent. In spite of the excellent brief submitted by his counsel, in my opinion, the facts do not show liability on the part of the Government.

Briefly stated, the facts are that this Government owned vessel was a former French passenger ship which the War Shipping Administration had converted into a troop transfer. It was brought into this port as a dead ship and on or about January 5, 1945, it was turned over to the Arthur Tickle Engineering Works, Inc., to convert the vessel from such troop transport to a hospital ship in confirmation of the requirements of the Geneva Convention. This work involved a complete re-arrangement of the interior of the vessel, removing all troop accommodations, and the re-arrangement of operating quarters, crew quarters, substituting quarters for medical staff, nurses, etc., removal of armament, painting the ship and illuminating her. In other words, Colonel Cross testified, it was a major rebuilding of the vessel. Thereupon this vessel was turned over to the Tickle Company to do this work of converting. Sometimes there were as many as 1200 employees at work. By the 1st of February, the French crew had departed and the Tickle Company was then in complete charge and possession of the vessel. Of course, the Government had three or four men taking inventory of equipment in the storeroom, etc., and possibly watching the progress of the work, but this work was confined to duties that did not cast upon them, care over the condition of the deck and such matters as were solely the duty of the Tickle Company.

This is not a case where a ship is temporarily laid up for repairs or where the ship, for some reason, was inherently dangerous in which to work, such as where there was the presence of gas or other similar danger. On the contrary, the accident occurred as follows: On or about the 14th of February there had been occasional snow and cold weather. Naturally some of this had frozen on this particular mast near which libellant was working the morning of the 15th, at a winch together with other employees of Tickle. About 9 A. M., the weather moderated somewhat and some of this ice on the mast dropped down on the deck and was allowed to lie there until it melted. According to Strenskri, a fellow workman of libellant, "we kept telling him (our foreman) that ice was falling down * * * it kept on thawing and it kept on coming down * * * it did not look good." Apparently nothing was done about the matter and they kept on working. In a comparatively short time, about 11 A. M., a somewhat large piece of ice fell and unfortunately hit on the head of libellant. This was the accident.

In other words, due to this thaw, the gradual falling of pieces of ice took place, all in about a couple of hours. Although I do not find sufficient evidence to indicate that this condition was such or existed for such a length of time as to indicate or should indicate that there was serious danger, so as to make apparent to the owner of the ship that this particular place where libellant was working was unsafe, with ample opportunity to correct such a situation, assuming that some control and possession still remained in the Government, which, in my opinion, was not shown, nevertheless, there does seem to me that there was a duty upon the Tickle Company to temporarily afford protection to libellant who was standing at the winch, or possibly suspending work until the ice had either fallen or been removed from the mast. Gunderud, an expert called by libellant, suggests that some tarpaulin or canvas was usually used as a sort of protecting net in such a situation as existed here, and it seems to me, that while there is no liability on the part of the Government, there was negligence on the part of the foreman of Tickle in paying no attention to the requests of the workman at the winch, and in failing to use reasonable care to

furnish some temporary protection to such workmen if he allowed them to continue to work.

However, I find that Tickle has duly provided compensation under the Longshoremen's Act for libellant and that this remedy is exclusive. Braner v. Brooklyn Eastern District Terminal, D.C., 46 F. Supp. 302; Doll v. Scott Paper Co., C.C.A. 3 Cir., 91 F.2d 860.

The libel against the United States of America is dismissed for failure to prove any liability on the part of the Government. The petition impleading the Arthur Tickle Engineering Works, Inc., is dismissed without costs, on the ground that owing to the Tickle Company having proved that it was ready, able and willing to pay compensation under the Longshoremen's Act it was not liable to libellant, in tort, in action in admiralty, for libellant's injury.

Submit findings of fact and conclusions of law.